# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES HECKMAN, | |
|     Plaintiff, | Case No. 2:11-CV-01845-GMN-(RJJ) |
| vs. | **ORDER** |
| MS. HILL, et al., | |
|     Defendants. | |

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the full filing fee through monthly installments. 28 U.S.C. § 1915(b)(2).

    The court has reviewed the complaint, and the court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief

can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that he is eligible for placement into minimum custody. He further alleges that defendants are not placing him into minimum custody because of an incorrect interpretation of how the structure of his sentences operates. He asks the court to order defendants to correct erroneous data in the records of the Nevada Department of Corrections, thus placing him into minimum custody. He also asks the court to apply credits toward an earlier release that plaintiff would have received had he been in minimum custody.

The court cannot grant plaintiff the relief that he seeks. Plaintiff has no constitutionally protected liberty interest in classification to minimum custody. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). The court also cannot order defendants to give plaintiff credits toward an earlier release from custody. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To obtain those credits in this court, plaintiff would need to file in this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after satisfying all the conditions.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #1057758), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada

Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

DATED this 2nd day of December, 2011.

_____
Gloria M. Navarro
United States District Judge